Minute Order Form (06, -3)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2923 | **DATE** | 5/22/2000 |
| **CASE TITLE** | USA ex rel. Bryant Belmore vs. James H. Page, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. To enable Belmore to comply with the added requirements set out here, this Court grants him until June 12, 2000 to file in this Court's chambers an appropriate amendment to his present Petition. If he were to fail to do so, this court would be constrained to deny the Petition because of Belmore's failure to have demonstrated that it was filed within the time frame presented by Congress in Section 2244(d)(1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 3 2000 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | SB | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/22/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
BRYANT BELMORE #N-12623, )
 )
          Petitioner, )
 )
v. ) No. 00 C 2923
 )
JAMES H. PAGE, et al., )
 )
          Respondents. )

DOCKETED
MAY 23 2000

## MEMORANDUM OPINION AND ORDER

This is the second self-prepared Petition for Writ of Habeas Corpus ("Petition") submitted by Bryant Belmore ("Belmore") in an effort to attack his September 29, 1995 state court conviction on which he is serving a life sentence under the Illinois Habitual Criminal Statute. Because this Court's January 14, 2000 memorandum opinion and order in Case No. 00 C 168 ("January 14 Opinion") had dismissed Belmore's original Petition because of his apparent nonexhaustion of state court remedies rather than on substantive grounds, Belmore does not run afoul of the requirement that he must file a motion before our Court of Appeals for an order authorizing this Court to consider his application (see 28 U.S.C. §2244(b)(3)(A)[1]). But there are two

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



other matters that Belmore must attend to before this Court will be in a position to consider the current Petition.

First of all, the January 14 Opinion expressly told Belmore that he must either (1) pay the $5 filing fee applicable to habeas cases or (2) file an appropriate affidavit of poverty to excuse such payment (in light of the small fee that is required, that latter possibility would seem remote). This Court gave Belmore what amounted to a $5 pass the first time around under the special circumstances that called for the immediate dismissal of the original Petition, but there is simply no excuse for his not having accompanied the current filing with the $5 fee. Unless that is done on or before the June 12, 2000 date referred to hereafter, his Petition will simply be denied.

Second, Belmore has not provided the necessary information to permit this Court to determine the timeliness of the Petition under Section 2244(d)(1) and (2). According to Complaint ¶10(C)(6), Belmore's most recent state post-conviction effort was denied by the Circuit Court of Cook County on December 2, 1998. Complaint ¶10(D) says that Belmore did "appeal to the highest state court having jurisdiction the result of action taken on [that] petition," but Belmore has provided no information at all as to his filings with the Illinois Appellate Court or the

Illinois Supreme Court, including the necessary input as to the specific issues that he raised before those courts[2] and the respective dates on which each court denied relief.

To enable Belmore to comply with the added requirements set out here, this Court grants him until June 12, 2000 to file in this Court's chambers an appropriate amendment to his present Petition. If he were to fail to do so, this Court would be constrained to deny the Petition because of Belmore's failure to have demonstrated that it was filed within the time frame prescribed by Congress in Section 2244(d)(1).[3]

                                                    */s/ Milton I. Shadur*
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: May 22, 2000

---

[2] If Belmore has retained copies of his submissions to those courts, a copy of each should be delivered to this Court.

[3] In the meantime, this Court takes no action on Belmore's concurrently-submitted Motion for Appointment of Counsel. But Belmore is apprised that our Court of Appeals' opinions require an affirmative showing by each person who seeks such relief (1) of his or her qualification in financial terms (for which purpose this Court's clerk is transmitting a set of in forma pauperis application forms to Belmore) and (2) of his or her affirmative efforts to seek legal representation on his or her own.