Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2923 | **DATE** | 6/28/2000 |
| **CASE TITLE** | USA ex rel. Bryant Belmore vs. James H. Page, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court determines that "it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), and Petition II is accordingly dismissed summarily (id.).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 3 0 2000 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/28/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
BRYANT BELMORE #N-12623, )
　　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner, )
　　　　　　　　　　　　　　　　　)
v. ) No. 00 C 2923
　　　　　　　　　　　　　　　　　)
JAMES H. PAGE, et al., )
　　　　　　　　　　　　　　　　　)
　　　　　　　Respondents. )

DOCKETED
JUN 3 0 2000

MEMORANDUM OPINION AND ORDER

Bryant Belmore ("Belmore") has had an extraordinarily checkered history in the state and federal judicial systems ever since he was convicted in the Circuit Court of Cook County on September 29, 1995, a conviction on which he is serving a life sentence under the Illinois Habitual Criminal Statute. This opinion will later refer to his numerous activities in the state court system only to the extent necessary to dispose of his current self-prepared Petition for Writ of Habeas Corpus ("Petition II").

In terms of his federal court activity, Belmore's original Petition for Writ of Habeas Corpus in Case No. 00 C 168 ("Petition I") appeared to reflect his nonexhaustion of state court remedies: At that time the Illinois Supreme Court had not yet acted on his Petition for Leave to Appeal from the Illinois Appellate Court for the First District's November 24, 1999 unpublished order (in its Case No. 1-99-0282) that had affirmed the dismissal by the state Circuit Court of Belmore's earlier

Petition for a Writ of Habeas Corpus ("State Habeas Petition"). Hence this Court's January 14, 2000 memorandum opinion and order promptly dismissed Petition I on that ground, a dismissal that did not trigger the potential applicability of 28 U.S.C. §2244(b)(3)(A) to any future federal habeas petition by Belmore.[1]

After the Illinois Supreme Court then did deny Belmore's request for leave to appeal on April 5, 2000, Belmore filed Petition II in this action. This Court's self-explanatory May 22, 2000 memorandum opinion and order just as promptly directed Belmore to provide the additional input that this Court needed to discharge its statutory responsibilities regarding Petition II. And Belmore has now done just that, both by paying the modest $5 filing fee and by sending to the Clerk's Office a bulky package of the papers covering his prior in-court efforts in the state system.[2]

In relevant part (that is, omitting references to Belmore's other unsuccessful post-conviction efforts), the records now submitted by Belmore show this:

    1. After the disposition of his unsuccessful direct appeal from his conviction, on March 11, 1997 Belmore filed

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] In some instances Belmore's enclosures appear to represent his own original documents, and this Court will of course maintain the integrity of those documents for ultimate return to Belmore.

2

in the Cook County Circuit Court his Petition for Post-Conviction Relief pursuant to 725 ILCS 5/122-1 ("Post-Conviction Petition").

2. On May 2, 1997 the Circuit Court denied the Post-Conviction Petition summarily.

3. On December 5, 1997 the Illinois Appellate Court for the First District issued its unpublished order (in its Case No. 1-97-2111) affirming that dismissal.

4. On April 1, 1998 the Illinois Supreme Court denied leave to appeal that dismissal.

If then that proved to represent Belmore's exhaustion of his state court remedies (as required by Section 2254(b)(1)(A) as a precondition to federal habeas relief), the filing of his <u>original</u> federal Petition I--to say nothing of his current Petition II--would have been well out of time, tendered substantially beyond the one-year limitation period established by Section 2244(d)(1) as extended by Section 2244(d)(2).

But the two things that originally led this court to believe that Belmore had not indeed exhausted his state court remedies at the time he filed federal Petition I were (1) as stated earlier, the fact that he then had pending before the Illinois Supreme Court a petition for leave to appeal from the Appellate Court's affirmance of the dismissal of his State Habeas Petition, coupled with (2) the far less than complete documentation that this Court

3

then had before it regarding Belmore's state court post-conviction efforts. Also as already stated, the Illinois Supreme Court has since acted on that petition for leave to appeal, and Belmore has now furnished the documents needed for complete analysis. Those documents reflect this combination of timing and procedures:

1. Some four months after the Supreme Court's April 1, 1998 denial of leave to appeal the dismissal of Belmore's Post-Conviction Petition, Belmore filed his bulky State Habeas Petition in the Circuit Court.

2. On December 2, 1998 the Circuit Court summarily denied that State Habeas Petition.

3. On November 29, 1999, as already stated, the Illinois Appellate Court affirmed that denial.

4. On April 5, 2000 the Illinois Supreme Court denied leave to appeal from that affirmance.

From those events and the timing set out in Belmore's current submissions and repeated in this opinion, it is clear that he has taken himself totally out of play for federal habeas purposes. In that respect his submissions disclose this statement by the state trial court in its December 2, 1998 rejection of Belmore's State Habeas Petition:

> THE COURT: This is a pro se petition for a writ of habeas corpus.
>
> By way of history in this case, on May 2, 1997,

4

> the petitioner's pro se petition for post conviction
> relief was denied, summarily, as being frivolous and
> patently without merit, and the record contained
> therein the reason stated by this Court, which in sum
> and substance basically involved such matters as res
> judicata waiver, trial strategy, et cetera.
>
> On August 25th, 1998, this Court spread of record
> the Appellate Court affirmance of the trial court
> denial dismissal of post conviction petition.
>
> This new alleged petition for post conviction
> relief is nothing more than an attempt to re-litigate
> all those matters which have been already litigated.
>
> Accordingly, the petition is denied.

And most importantly, and entirely consistently with that rejection, the definitive teaching from the Illinois Supreme Court is that state habeas relief (unlike its federal counterpart) could not conceivably extend to the claims that Belmore sought to advance in his State Habeas Petition's effort to get a second bite at the state post conviction apple. <u>Barney v. Prisoner Review Bd.</u>, 184 Ill.2d 428, 430, 704 N.E.2d 350, 351 (1998)(citations omitted), after citing the state habeas statute (735 ILCS 5/10-124) and the seminal decision in <u>Faheem-El v. Klincar</u>, 123 Ill.2d 291, 294, 527 N.E.2d 307, 308-09 (1988), has set out the constraints on that state court writ that rendered it totally unavailable to Belmore:

> It is well established that a writ of habeas corpus is
> available only to obtain the release of a prisoner who
> has been incarcerated under a judgment of a court which
> lacked jurisdiction of the subject matter or the person
> of the petitioner, or where there has been some
> occurrence subsequent to the prisoner's conviction
> which entitled him to release. A petition for writ of

5

> habeas corpus may not be used to review proceedings
> which do not exhibit one of these defects, even though
> the alleged error involves a denial of constitutional
> rights.

Under the circumstances, Belmore's attempted resort to a totally unavailable remedy--one that the state trial court judge characterized as an attempted relitigation of his unsuccessful State Post-Conviction Petition--must be viewed as legally frivolous.

If there were any doubt on that score (and there is none), the clear unavailability of state habeas relief to Belmore was reconfirmed by the Illinois Appellate Court's rejection of his appeal from the dismissal of the State Habeas Petition because the Appellate Court found a total lack of any "issues of arguable merit," in the course of which ruling that court expressly approved the Cook County Public Defender's motion for leave to withdraw as Belmore's appointed counsel under the authority of Pennsylvania v. Finley, 481 U.S. 551 (1987). Here in its totality is the Public Defender's statement in support of that motion, relying on the selfsame authorities that Barney had cited to confirm the narrow confines of state habeas relief:

> The petition fails to allege a basis for immediate
> release from unlawful custody, the gravamen of a state
> habeas corpus claim. See 735 ILCS 5/10-102 (1998);
> Faheem-El v. Klincar, 123 Ill.2d 291, 527 N.E.2d 307
> (1988). Therefore, there are no appealable issues in

6

the case.[3]

All of that in turn triggers the "objective approach" most recently discussed by our Court of Appeals in Freeman v. Page, 208 F.3d 572, 576-77 (7th Cir. 2000) to give content to the concept of "properly filed" as contained in the tolling provision of Section 2244(d)(2). Freeman's approach to that problem, and the related approach of Tinker v. Hanks, 172 F.3d 990 (7th Cir. 1999) discussed in Freeman, confirm that Belmore cannot bootstrap himself by what amounts to an attempted end run around the fact that his opportunity to obtain federal habeas relief had already expired a year after his State Post-Conviction Petition was disposed of at the highest state court level on April 1, 1998.

In sum, the State Habeas Petition was not "properly filed" so as to trigger tolling under Section 2244(d)(2) while it wended its way through the state courts. And that in turn means that Petition I was actually out of time when it was filed. A fortiori that applies to Petition II as well.

This Court therefore determines that "it plainly appears from the face of the petition and any exhibits annexed to it that

---

[3] [Footnote by this Court] It may be noted parenthetically that even if Belmore's self-prepared filings were to be stretched inordinately by relabeling his bootless State Habeas Petition as a second Post-Conviction Petition, he would still run afoul of the Illinois prohibition against successive petitions under the Illinois post-conviction statute except under the type of unusual circumstances that were plainly not present in Belmore's case (People v. Flores, 153 Ill.2d 264, 273-80, 606 N.E.2d 1078, 1082-86 (1992)).

7

the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), and Petition II is accordingly dismissed summarily (id.). Belmore is being notified of this ruling by a transmittal of this opinion to him, and his original papers referred to earlier will be returned to him as soon as the time for any further review of this memorandum opinion and order has expired.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: June 28, 2000